UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHONDELL-GREGORY CROCKER,<br>Plaintiff,<br>-against-<br>EXTRA SPACE STORAGE, INC.; RAYMOND FOXX,<br>Defendants. | 26-CV-8285 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Shondell-Gregory Crocker brings this *pro se* action under the court's diversity jurisdiction, alleging that Defendants defamed him in an effort to undermine his ongoing litigation efforts against Defendant Extra Space Storage, Inc., in New Jersey. Named as Defendants are Extra Space Storage, Inc. and Raymond Foxx, both of whom Plaintiff alleges are domiciled in states other than New York. For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The Court finds that venue in this district appears not to be proper under Section 1391(b)(1) because Plaintiff does not allege that any Defendant is domiciled in New York for purposes of venue. Instead, Plaintiff merely alleges that Defendant Extra Space Storage, Inc. is incorporated and has its principal place of business in Utah and that Defendant Foxx "is domiciled outside the state of New York."[1] (ECF No. 1, at 1.) Because it is unknown where all Defendants reside, it is unclear whether venue is proper under Section 1391(b)(1) in this District. Even if the Court did assume that Defendants reside in this district, and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in New Jersey and the alleged harms occurred there, venue also would be proper under Section 1391(b)(2) in the District of New Jersey.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

[1] Plaintiff also purports to establish venue in this District because he allegedly "resides in New York" (ECF No. 1, at 1), but under Section 1391(b)(1), a plaintiff's residence is not a basis to establish venue.

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in New Jersey and are alleged to have impacted litigation in the New Jersey state courts. It is therefore reasonable that all or nearly all relevant documents and witnesses can be found in the District of New Jersey. The District of New Jersey therefore appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey.

Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

A summons shall not issue from this court.

This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 28, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge